IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS

```
                                              FILED FOR RECORD
                                              2015 JUN 29 PM 3:24
PATRICK GEORGE                                         PLAINTIFF
                                              WASHINGTON CO. AR
                                               CIRCUIT CLERK
                                                K. SYLVESTER
Vs.                    No. CV 2015- 1077-4


KIEWIT INFRASTRUCTURE SOUTH CO.                       DEFENDANT
```

### COMPLAINT

Comes now the plaintiff and for his cause of action against the defendant does state and allege as follows:

1. Plaintiff is and was at the time of the occurrence complained of a resident of Washington County, Arkansas

2. The accident giving rise to this complaint occurred in Crawford County, Arkansas, in the city of Van Buren.

3. Defendant is a foreign corporation, registered to do, and doing business in Arkansas.

4. On March 13th, 2014, the plaintiff was riding his motorcycle traveling North on Interstate 540, now Interstate 49, in a one lane construction zone. The plaintiff then attempted to merge onto Interstate 40. The lane in which plaintiff was attempting to merge onto had a 2 to 3 inch higher "lip", due to recently being paved. Upon making contact with the elevated lip, plaintiff was thrown from his motorcycle, resulting in plaintiff being severely injured.

5. Defendant, Kiewit Infrastructure South Co., was negligent in failing to maintain a safe atmosphere for travelers on the stretch of highway they were repairing, failing to display proper uneven lane warnings, failing to comply with Title 29 of Code of


EXHIBIT A

Federal Regulations § 1926.200 Accident prevention signs and tags. This negligence exhibited a conscious disregard by the defendant, Kiewit Infrastructure South Co., to maintain a safe driving environment, and was the proximate cause of the injury to the plaintiff.

6. In Defendant's contract with the Arkansas State Highway Department, Defendant agreed to comply with all relevant state and federal safety regulations and statutes. Attached hereto is exhibit A, the relevant part of the contract.

7. Plaintiff has incurred medical expenses and will incur further expenses in the future, suffered loss of earning capacity, suffered permanent injury, suffered pain in the past, present, and will in the future.

8. Plaintiff's damages exceed the amount required for federal diversity jurisdiction.

9. Plaintiff request a jury trial of all issues of fact herein.

Wherefore, plaintiff prays for judgment over and against defendant for a sum in excess of federal diversity jurisdiction, for prejudgment interest from date of filing until date of judgment on incurred medical expenses, for interest on all sums from judgment date at the highest legal rate, for trial by jury and all other people relief.

Respectfully submitted,
Patrick George
Jeff Slaton P.A.

By: _____
Jeff Slaton
Attorney-at-law
P.O. Box 834
Springdale, AR 72765
479-751-5091
BIN 82148

## VI. SUBLETTING OR ASSIGNING THE CONTRACT

This provision is applicable to all Federal-aid construction contracts on the National Highway System.

1. The contractor shall perform with its own organization contract work amounting to not less than 30 percent (or a greater percentage if specified elsewhere in the contract) of the total original contract price, excluding any specialty items designated by the contracting agency. Specialty items may be performed by subcontract and the amount of any such specialty items performed may be deducted from the total original contract price before computing the amount of work required to be performed by the contractor's own organization (23 CFR 635.116).

   a. The term "perform work with its own organization" refers to workers employed or leased by the prime contractor, and equipment owned or rented by the prime contractor, with or without operators. Such term does not include employees or equipment of a subcontractor or lower tier subcontractor, agents of the prime contractor, or any other assignees. The term may include payments for the costs of hiring leased employees from an employee leasing firm meeting all relevant Federal and State regulatory requirements. Leased employees may only be included in this term if the prime contractor meets all of the following conditions:

   (1) the prime contractor maintains control over the supervision of the day-to-day activities of the leased employees;
   (2) the prime contractor remains responsible for the quality of the work of the leased employees;
   (3) the prime contractor retains all power to accept or exclude individual employees from work on the project; and
   (4) the prime contractor remains ultimately responsible for the payment of predetermined minimum wages, the submission of payrolls, statements of compliance and all other Federal regulatory requirements.

   b. "Specialty Items" shall be construed to be limited to work that requires highly specialized knowledge, abilities, or equipment not ordinarily available in the type of contracting organizations qualified and expected to bid or propose on the contract as a whole and in general are to be limited to minor components of the overall contract.

2. The contract amount upon which the requirements set forth in paragraph (1) of Section VI is computed includes the cost of material and manufactured products which are to be purchased or produced by the contractor under the contract provisions.

3. The contractor shall furnish (a) a competent superintendent or supervisor who is employed by the firm, has full authority to direct performance of the work in accordance with the contract requirements, and is in charge of all construction operations (regardless of who performs the work) and (b) such other of its own organizational resources (supervision, management, and engineering services) as the contracting officer determines is necessary to assure the performance of the contract.

4. No portion of the contract shall be sublet, assigned or otherwise disposed of except with the written consent of the contracting officer, or authorized representative, and such consent when given shall not be construed to relieve the contractor of any responsibility for the fulfillment of the contract. Written consent will be given only after the contracting agency has assured that each subcontract is evidenced in writing and that it contains all pertinent provisions and requirements of the prime contract.

5. The 30% self-performance requirement of paragraph (1) is not applicable to design-build contracts; however, contracting agencies may establish their own self-performance requirements.

## VII. SAFETY: ACCIDENT PREVENTION

T h i s   p r o v i s i o n   i s  applicable to all Federal-aid construction contracts and to all related subcontracts.

1. In the performance of this contract the contractor shall comply with all applicable Federal, State, and local laws governing safety, health, and sanitation (23 CFR 635). The contractor shall provide all safeguards, safety devices and protective equipment and take any other needed actions as it determines, or as the contracting officer may determine, to be reasonably necessary to protect the life and health of employees on the job and the safety of the public and to protect property in connection with the performance of the work covered by the contract.

2. It is a condition of this contract, and shall be made a condition of each subcontract, which the contractor enters into pursuant to this contract, that the contractor and any subcontractor shall not permit any employee, in performance of the contract, to work in surroundings or under conditions which are unsanitary, hazardous or dangerous to his/her health or safety, as determined under construction safety and health standards (29 CFR 1926) promulgated by the Secretary of Labor, in accordance with Section 107 of the Contract Work Hours and Safety Standards Act (40 U.S.C. 3704).

3. Pursuant to 29 CFR 1926.3, it is a condition of this contract that the Secretary of Labor or authorized representative thereof, shall have right of entry to any site of contract performance to inspect or investigate the matter of compliance with the construction safety and health standards and to carry out the duties of the Secretary under Section 107 of the Contract Work Hours and Safety Standards Act (40 U.S.C.3704).

## VIII. FALSE STATEMENTS CONCERNING HIGHWAY PROJECTS

T h i s   p r o v i s i o n   i s  applicable to all Federal-aid construction contracts and to all related subcontracts.

In order to assure high quality and durable construction in conformity with approved plans and specifications and a high degree of reliability on statements and representations made by engineers, contractors, suppliers, and workers on Federal-aid highway projects, it is essential that all persons concerned with the project perform their functions as carefully, thoroughly, and honestly as possible. Willful falsification, distortion, or misrepresentation with respect to any facts related to the project is a violation of Federal law. To prevent any misunderstanding regarding the seriousness of these and similar acts, Form FHWA-1022 shall be posted on each Federal-aid highway project (23 CFR 635) in one or more places where it is readily available to all persons concerned with the project:

18 U.S.C. 1020 reads as follows:

Exhibit "A"

THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS

CIVIL DIVISION

PATRICK GEORGE
Plaintiff(s)

v.

No. CV-2015 1077-4

KIEWIT INFRASTRUCTURE SOUTH CO.
Defendant(s)

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

KIEWIT INFRASTRUCTURE SOUTH CO.
Serve Registered Agent: The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached 2nd Amended complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jeff Slaton P.A., P.O. Box 834, Springdale, AR 72765

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the complaint.

Address of Clerk's Office:
Washington County Courthouse

280 North College,
Fayetteville, AR 72703

CLERK OF COURT: Kyle Sylvester

[Signature of Clerk or Deputy Clerk]
Date: 6/29/15

[SEAL]

No. <u>CV-2015</u> This summons is for <u>KIEWIT INFRASTRUCTURE SOUTH CO.</u>

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____