IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATRICK GEORGE                                                                                               PLAINTIFF

v.                                            No. 5:15-CV-05169

KIEWIT INFRASTRUCTURE SOUTH CO.                                                           DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Kiewit Infrastructure South Co.'s ("Kiewit") motion (Doc. 17) for summary judgment, Plaintiff Patrick George's response (Doc. 22), Kiewit's reply (Doc. 26), and the parties' respective supporting documents.

The material facts in this case are largely undisputed. Kiewit contracted with the Arkansas State Highway and Transportation Department ("AHTD")—and therefore with the State of Arkansas—to repave approximately eight miles of Interstate 540 in Sebastian and Crawford Counties. The contract between Kiewit and the State of Arkansas incorporates the Manual on Uniform Traffic Control Devices ("MUTCD"), and the MUTCD does not mandate—but merely recommends—that "uneven lanes" warning signs be used to warn motorists of a difference in lane height. On March 13, 2014, George was riding a motorcycle northbound on Interstate 540 in the left lane through the construction zone for the repaving project. George wrecked his motorcycle while entering the right lane when attempting to exit from Interstate 540 to the right onto Interstate 40. With the exception of exit ramp access, the right lane of Interstate 540 was closed to traffic because it had been resurfaced. The left lane resurfacing was not yet complete. Kiewit maintains that the surface of the right lane was only two inches taller than the surface of the left lane, while George disputes this and maintains that the surface of the right lane

1

was significantly more than two inches taller than the surface of the left lane.[1]  Whatever the difference in lane height, between the point at which George entered onto Interstate 540 and the exit to Interstate 40, there were no "uneven lanes" warning signs, nor were there any other signs warning that drivers exiting onto Interstate 40 would experience a bump in the road.  Kiewit cites to evidence (which George does not dispute) that traffic control barrels were placed near the elevated edge of the right lane and a solid white line was placed on the right side of the left lane, though neither the line nor barrels obstructed access to the right lane at the exit.

Kiewit's motion for summary judgment relies on its defense that as a matter of law it has acquired immunity from liability for claims like George's.  That is, the State of Arkansas has sovereign immunity protecting it from suit, and although this immunity generally does not extend to independent contractors working for the state, where a contractor performs work according to the terms of its contract with a governmental agency under the agency's direct supervision, the independent contractor is protected by the doctrine of acquired immunity.  (Doc. 18, pp. 3–4 (*citing Smith v. Rogers Group, Inc.*, 72 S.W. 3d 450, 455 (Ark. 2002)).

Kiewit cites as distinct—and George's response to the motion for summary judgment relies on—case law that limits the doctrine of acquired immunity.  Specifically, a contractor who performs the contract in a negligent manner and causes damage to others is not protected by acquired immunity.  *See Lopez v. Mendez*, 432 F.3d 829, 833 (8th Cir. 2005) (setting out Arkansas law on acquired immunity and citing *Smith*, 72 S.W. 3d 450; *Muskogee Bridge Co., Inc. v. Stansell*, 842 S.W.2d 15 (Ark. 1992)); and *Guerin Contractors, Inc. v. Reaves*, 606 S.W.2d 143 (Ark 1980)).  Kiewit argues that these exceptions do not apply to it because its

---

[1] The Court rejects Kiewit's argument that there is no dispute of fact with respect to lane height.  The affidavit of Trooper Dale Howard (Doc. 22-1, p. 2), which offers an approximation of lane height, is sufficient evidence to establish a dispute of fact on this issue.

contract with the State of Arkansas incorporates the MUTCD, and because the MUTCD only recommends and does not require a warning sign be placed to warn motorists of uneven lanes, Kiewit's performance was according to the terms of the contract and was therefore not negligent.

George responds that although the MUTCD does not require an "uneven lanes" sign, the MUTCD also provides that the discretionary decision of placing a sign should be informed by traffic engineering studies.  George argues (and Kiewit does not deny) that the contract between Kiewit and AHTD incorporates the Arkansas Highway Construction Specification Manual of 2003, which requires that "[t]he safety and convenience of the general public and the residents along the highway and the protections of persons and property are the responsibility of the contractor."  (Doc. 22-1, p. 24).  George also points out that the contract between Kiewit and AHTD requires Kiewit to "take any . . . needed actions as it determines, or as the contracting officer may determine, to be reasonably necessary to protect . . . the safety of the public." (Doc. 3, p. 3).  George argues that as a result the contract requires Kiewit to exercise its discretion in safely performing the contract, and Kiewit's reliance on the absence of a signage requirement in the MUTCD does not absolve it of its contractual duty of care.

George is correct that the contract vests Kiewit with sufficient discretion in its performance that Kiewit is not completely protected by the acquired immunity doctrine.  This is not a case where AHTD told Kiewit to repave the Interstate and to not use "uneven lanes" signage, and it is therefore readily distinguishable from *Smith*, where the contractor was immune from liability because the state told the contractor to use a particular type of asphalt, rather than an alternative, and the contractor complied.  George's are not damages that "result from something inherent in the design and specifications required by the public agency," and are not "necessarily involved in the performance of the contract."  *Guerin Contractors, Inc.*, 606 S.W.2d

3

at 144, 145.  Because Kiewit's decision not to use warning signs was not "inherent in the design and specifications" and was not "necessarily involved in the performance" of the contract, Kiewit is not entitled to the defense of acquired immunity.  "Whether [Kiewit] was negligent in its performance of the contract [is] a question of fact for the jury." *Lopez*, 432 F.3d at 835.

    IT IS THEREFORE ORDERED that Defendant Kiewit Infrastructure South Co.'s motion (Doc. 17) for summary judgment is DENIED.

    IT IS SO ORDERED this 16th day of May, 2016.

                                              /s/ P. K. Holmes, III
                                              P.K. HOLMES, III
                                              CHIEF U.S. DISTRICT JUDGE